[Civ. No. 1452.   First Appellate District.—January 7, 1914.]

EDWARD FUNKENSTEIN et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

EVIDENCE—COMPELLING PRODUCTION OF BOOKS AND PAPERS—CONDITIONS PRECEDENT TO ORDER.—By reason of the constitutional guaranty against unreasonable seizures and searches, it is a condition precedent to the right of a court, acting under section 1000 of the Code of Civil Procedure, to require a person to deliver up for examination his private books and papers, that such person has a book, paper, or document containing evidence material to the issues before the court, and that the precise book, paper, or document containing such evidence be designated or so described that it may be identified.

ID.—INSUFFICIENT AFFIDAVIT FOR INSPECTION OF BOOKS—CONTEMPT IN REFUSING TO COMPLY WITH ORDER—PROHIBITION.—Where the affidavit, which is made the basis of an order requiring the defendant in an action to quiet title to permit an inspection of books and documents by the plaintiff, fails to show that the defendant has in his possession any particular book, paper, or document which, if presented at the trial, would be admissible and material evidence for either of the parties to the action, and also fails to sufficiently identify any such book, paper, or document with the particularity required for compliance with the constitutional guaranty against unreasonable searches and seizures, prohibition will issue to prevent the court from punishing the defendant for contempt in refusing to comply with an order of inspection.

APPLICATION for Writ of Prohibition to be directed to the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Leon Samuels, Edgar D. Peixotto and J. R. Pringle, for Petitioners.

George Lezinsky, for Respondents.

THE COURT.—The case of Arturo Wolf and Marie Julia Wolf versus Charles Funkenstein Gall, Rebecca Funkenstein Gall, Edward Funkenstein, and Sarah Funkenstein, pending in the superior court of the city and county of San Francisco, state of California, is in form an action to quiet title to certain interests in real property in said city, of which it is averred in the complaint that one Tobe Funkenstein died seized on June 28, 1913, leaving the parties to said action as her heirs at law, and as such entitled to their respective undivided interests in said property. The defendants deny that the plaintiffs have any interest in said real estate, and assert two sources of title in themselves, viz: 1. A deed of gift from said Tobe Funkenstein to said defendants dated December 21, 1907; and 2. Title by adverse possession. The case being at issue upon these averments of the respective parties, and about to go to trial, the plaintiffs moved the trial court for an order directing the defendant Edward Funkenstein, who is also the agent of the other defendants in respect to said property, to give to plaintiffs an inspection of certain books, papers, and documents referred to in the affidavit of their counsel, George Lezinsky, accompanying the

notice of said motion. The court granted the motion; whereupon the defendants refused to comply with said order, and took and perfected an appeal from the same. Thereafter and on November 21, 1913, the judge of the trial court issued an order to show cause why the said defendant, Edward Funkenstein, should not be punished for contempt in failing and refusing to comply with said order of inspection; and said court, being about to proceed upon said last named order and punish said Edward Funkenstein for contempt, the pending application for a writ of prohibition was presented to this court.

This court is of opinion that the writ of prohibition should issue. "The right of the people to be secure in their persons, houses, papers, and defects against unreasonable seizures and searches," is inviolable under section 19 of article I of our state constitution; which section also provides that "no warrant shall issue, but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized."

The supreme court, in *Ex parte Clark,* 126 Cal. 235, [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546], and the court of appeal in *Kullman* v. *Superior Court,* 15 Cal. App. 276, [114 Pac. 589], have given express application of this constitutional guarantee to proceedings under section 1000 of the Code of Civil Procedure, holding "that in such a proceeding the essential facts must be made to appear by clear and unequivocal proof as a condition precedent of the right of a court to require a person to deliver up for examination his private books and papers, viz.: (1) that such person has a book, paper or document containing evidence material to the issues before the court; (2) that the precise book, paper or document containing such evidence be designated or so described that it may be identified. The last mentioned requisite is in point of importance equal with, or if there is any difference, paramount to the first, for, however much proof may be adduced of the materiality of the evidence, the constitutional right of the people to be protected against the unlawful seizure of their private documents forecloses authority in the courts to order a general or indiscriminate ransacking of one's private papers or documents as the means for locating the desired evidence." (*Kullman* v. *Superior Court,* 15 Cal. App. 276, [114 Pac. 589].)

When the affidavit which was made the basis of the order of inspection of the trial court, and upon which the jurisdiction of that court in the premises must be predicated, is examined in the light of the constitutional guarantee as thus construed and applied, it is found to fail in measuring up to the required standard in two essential respects. In the first place, the said affidavit fails to show that Edward Funkenstein has in his possession any particular book, paper, or document which, if presented at the trial, would be admissible and material evidence for either of the parties to said action; and in the second place, said affiant fails to sufficiently identify any such book, paper, or document with the particularity required for compliance with the constitutional provision. The particular vice of the affidavit in question is that it refers in each instance to books, papers, and documents made by or drawn or given to or in the names of "the owner or owners of the property"; but the question as to who the owner or owners of the property may be is the very matter in dispute in this action. If the affiant intends by this phrase to refer to the plaintiffs, and is to be understood as deposing that Edward Funkenstein is in possession of any book, paper, or document containing entries, receipts, payments, or agreements running in the names of the plaintiffs in the action, and tending in any material way to show in them an actual or admitted interest in the property in question or in its proceeds after the death of Tobe Funkenstein, the affiant should have so expressly stated; or, if the affiant is to be understood as claiming that any such book or paper in the possession of Edward Funkenstein contains specific matter, tending to show that after the date of the alleged deed of gift from Tobe Funkenstein to the defendants, she still retained her interest in said property up to the time of her death, notwithstanding said deed, the affiant should have expressly set forth that fact in his affidavit. On the other hand, if the books, papers, and documents in the possession of Edward Funkenstein contained entries, receipts, writings, or agreements relating to said property or the proceeds thereof, in the names only of the defendants to the action, and made, issued, taken, or drawn by them or by their agent on their behalf, such books, papers, or documents would reasonably contain no material evidence in aid of the plaintiff's case and no admissible evidence in support

of the defendant's claim of title; or, if any of such books, papers, or documents so made, issued or taken would be admissible upon any theory of the case it was the duty of the affiant to set forth the facts and reasons showing wherein their materiality and admissibility consist; and it was not sufficient in his affidavit to merely rely upon the legal conclusion stated in general terms that such books, papers, and documents would be material.

Finally, the entire failure of the affiant to identify with any particularity of description any specific book or paper or document constitutes, in our opinion, a fatal objection to the jurisdiction of the trial court to make the order in question, or to further proceed to punish the said defendant for its violation. The mere fact that a party seeking an inspection of private papers in the possession of another is unable to specify the particular thing to which he desires access, does not justify a departure from the strict requirement of the constitution; but even if in any case it could be held to do so, the plaintiffs in this case are in no position to plead their ignorance of detail as an excuse for the fatal generality of their affidavit; for it appears affirmatively and without denial that the deposition of Edward Funkenstein has been taken by the plaintiffs in this action, and it nowhere appears that he therein attempted any concealment of any fact respecting the books and papers in his possession about which the plaintiffs might need to be informed in order to the preparation of a proper affidavit as the basis for an order of inspection.

These views render unnecessary a consideration of the question as to the effect of defendants' appeal upon the jurisdiction of the trial court to further proceed with an enforcement of the order after the perfection of such appeal.

Let the writ issue as prayed for.