[Civ. No. 5295. Second Appellate District, Division One.—April 4, 1928.]

PAULINE GRANT, Respondent, v. MAIN OIL COMPANY OF CALIFORNIA (a Corporation), Appellant.

Jackson Mahon for Appellant.

Emmons & Aldrich for Respondent.

WOOD (W. J.), J., *pro tem.*—This action was commenced to recover the sum of $1,925, alleged to be due for services rendered to defendant by plaintiff's assignor by hauling oil. Defendant appeals from a judgment rendered in plaintiff's favor and from an order denying a new trial. The com-

plaint contains three counts, all of them covering the same transaction. In the first of these counts, all of which are in the usual form, a cause of action for the reasonable value of the services is set forth; in the second count plaintiff states causes of action on an open book account and on an account stated; and in the third count an express promise to pay for the hauling is set forth. The trial court found in favor of plaintiff on all of these causes of action.

Defendant now contends that at the commencement of the trial plaintiff elected to stand upon his cause of action based upon an account stated and that the evidence is insufficient to support the findings that an account was in fact stated. The record does not disclose that plaintiff made such an election. We quote from the reporter's transcript: "Mr. Emmons: We don't intend to elect. We have three counts. We are going to put in evidence under the amended complaint. Mr. Mahon: You state more than one cause of action and they are incompatible. Mr. Emmons: We refuse to elect. We offer the evidence if relevant and sufficient, the court will render judgment on the cause of action we establish. The Court: Well, go ahead. (To Mr. Mahon) You have preserved your rights. Mr. Emmons proceeds at his peril." The evidence was amply sufficient to establish all of the causes of action with the possible exception of that based upon an account stated. It would therefore be useless to discuss further the cause of action last mentioned.

■ Counsel for plaintiffs states that the "main ground" upon which he seeks a reversal of the judgment is the alleged error of the court in admitting in evidence the books of plaintiff's assignor. He points out that the party who made the book entries had no personal knowledge of the amount hauled, but received data on the subject from the report of the driver, who was a witness at the trial. It is not necessary to pass upon this point for the reason that the evidence clearly established, without the introduction of the books, that plaintiff was entitled to the judgment rendered. All the points necessary to be proved to support the findings on the first and third causes of action were covered by the testimony of plaintiff's witnesses. The defendant presented no evidence whatever in contradiction thereof. The general manager of the defendant company, called as a witness for plaintiff, not only gave testimony which made it clear

that plaintiff should recover, but also made statements from which it is apparent that the defense presented in the trial court by the party against whom judgment was rendered and the subsequent appeal were interposed for the purpose of delay. The witness testified: "Q. Are you in position to say you don't owe this $1925.00? A. No, sir. Q. What position did you have? A. General manager, that was my title. My duties were more those of a field superintendent. Q. As I understand it, I want to get the record clear, it is more of a present inability to pay the bills than a desire not to pay them, isn't that the idea? A. Well, I can't pay. Q. When the bills were presented to you, what did you do with them? A. I forwarded them down to the main office. Q. That is the situation in regard to all of the bills rendered to you? A. Following our manner of doing business, I forwarded the bills to the office. The financial affairs of the company were arranged down there. Q. Do you know any reason why the financial department didn't pay them? A. I presume they were short of money. Q. You didn't know whether they were correct bills or not, or did you know? A. I knew the bills correctly represented the oil hauled on the tank account, by tank measure. Q. Did you compare, when you received those bills that you received, the amount of the bill with the tag account at that time to see if it was correct? A. Yes, sir."

The appeal being devoid of merit the judgment is affirmed.

As the order denying the motion for a new trial is not an appealable order, the appeal from that order is dismissed.

It appearing to the court that this appeal was taken for delay, it is further ordered that the appellant pay to respondent as damages the sum of $100, which amount shall be included in the costs to be allowed respondent on this appeal.

Conrey, P. J., and Houser, J., concurred.