[Civ. No. 17206.   Second Dist., Div. Three.   Oct. 5, 1949.]

MILTON KAUFFMAN, INC. (a Corporation), et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CHARLES E. THORSON, Real Party in Interest.

Overton, Selig & Wilson and Paul Overton for Petitioners.

No appearance for Respondent.

Vaughan, Brandlin & Wehrle and J. R. Vaughan for Real Party in Interest.

VALLÉE, J.—Petition by Milton Kauffman, Inc., and Milton Kauffman for a writ of prohibition to restrain respondent from adjudging them in contempt for refusing

to comply with an order permitting inspection and copying of certain writings in their possession. Charles E. Thorson, the real party in interest, has demurred to the petition on the ground that it "does not state sufficient facts to constitute a cause for issuance of a writ of prohibition."

Petitioners are the principal defendants in an action pending in the Superior Court of the County of Los Angeles entitled, "Charles E. Thorson, plaintiff, v. Milton Kauffman, Inc., No. 554987." Milton Kauffman, Inc., is a corporation. Milton Kauffman is president of Milton Kauffman, Inc. Charles E. Thorson, referred to as "plaintiff," filed in action No. 554987 a notice of motion under Code of Civil Procedure, section 1000, for an order permitting inspection and copying of certain writings in the possession of petitioners. His motion was predicated upon an amended complaint (no answer having been filed) and three affidavits, two of his own, and one by his attorney. The motion was opposed by an affidavit of Milton Kauffman. Plaintiff's motion was granted and an order made. Petitioners were cited for contempt for refusing to comply with the order. Hearing on the citation was about to proceed, the judge stating that he would adjudge petitioners in contempt regardless of whether the order was good or not, when this proceeding was instituted.

The amended complaint contains three causes of action. The first cause of action alleges that in 1942 and 1943, plaintiff was engaged, through the medium of Thorson Homes, Incorporated, in the purchase of lands, construction of houses and improvements thereon and sale to the general public. While so engaged plaintiff caused Thorson Homes, Incorporated, to hire Milton Kauffman and one Dawson to assist in the construction of houses for Thorson Homes, Incorporated. In June of 1945, an oral agreement to engage in a venture for the construction of housing projects was entered into between plaintiff and Kauffman, the profits to be shared equally, as a result of which plaintiff transferred to Kauffman one-half of the shares in Thorson Homes, Incorporated. Milton Kauffman was made a director and secretary of Thorson Homes, Incorporated. The venture was financed and carried on through the medium of Thorson Homes, Incorporated, continuously from October, 1945, to April, 1947, was highly profitable, and valuable assets were acquired. In the early part of 1946, it was proposed by Kauffman, and agreed to by plaintiff, that some of the housing projects of the venture be carried

on through the medium of Milton Kauffman, Inc., which had been incorporated in November, 1945, with equal participation by plaintiff and Milton Kauffman in the profits thereof. Thereafter, using the assets of the venture between plaintiff and Milton Kauffman standing in the name of Thorson Homes, Incorporated, and acting through the medium of Milton Kauffman, Inc., the venture acquired eight tracts of land, being Tracts 13151, 13993, 13968, 14637, 14066, 14513, 13913 and 13014. Sixteen hundred and eighty-two houses were constructed on these tracts. The approximate net profit per each house constructed was $800 in the form of cash and purchase contracts. As the net profits in each housing project successively were realized, the profits, including plaintiff's share, were reinvested progressively in succeeding tracts, no part of said net profits having been paid to plaintiff *except the sums due plaintiff on Tracts 13151 and 13993 as determined by defendant Milton Kauffman,* and the sum of $13,084.73 on partial account of sums due plaintiff as to the other tracts. Defendants have refused to fully and fairly account for the profits *except as to Tracts 13151 and 13993* and have refused to permit plaintiff to examine the books, documents and records pertaining to the venture. The other defendants now hold money and contracts which are the property of the venture between plaintiff and Milton Kauffman, as to which plaintiff is the owner of one-half. The prayer of the first cause seeks an accounting and a share of the net profits.

The second cause of action seeks recovery of net profits alleged to be due under a letter agreement dated August 6, 1947, between Milton Kauffman, Inc., and plaintiff, by which Milton Kauffman, Inc., agreed to pay plaintiff specified percentages of the profits made by Milton Kauffman, Inc., from the construction of dwellings on Tracts 13151, 13993, 13968, 14066 and 14637 after certain deductions and upon conditions set forth. It alleges with respect to Tracts 13151 and 13993 that defendant corporation paid to plaintiff, after a determination thereof, the sums "so found to be due by defendant"; that thereafter at specified times the defendant corporation completed the construction and sale of a number of houses in Tracts 13968, 14066, and 14637, and made net profits of specified amounts, of which certain sums are due plaintiff under the written agreement, but which defendant corporation wrongfully refuses to pay. The prayer asks a judgment for specific amounts against defendant corporation. The third cause of action alleges

that the remaining defendants (mostly lending institutions) hold moneys in constructive trust for the use and benefit of plaintiff.

Plaintiff's affidavits incorporated by reference the first and second causes of action alleged in the amended complaint, identified the writings set forth in the notice of motion, stated that they were in the possession of petitioners, showed in detail their relevancy and materiality for the purpose of establishing the disbursements, receipts and profits from Tracts 13968, 14637, 14066, 14513, 13913 and 13014, the fact that profits from Tracts 13968, 14637 and 14066 were reinvested progressively in Tracts 14513, 13913 and 13014, and their relevancy and materiality for the purpose of establishing the other allegations of the amended complaint. In a supplemental affidavit, plaintiff set forth verbatim a letter dated September 24, 1948, from Milton Kauffman, Inc., to plaintiff, reading as follows:

"Confirming our conversation of September 24, 1948 among yourself, Don Wilson, Vice President of this Corporation, Mr. McClure and Mr. Lilly of the accounting firm of Donovan, Schuenke and McClure, you were delivered a statement of Tract 14637 (Prince Tract) showing a balance due you in the amount of $13,654.00 and you were shown working papers prepared by our accountants which will be supported by a typewritten report in the next few days, showing that your share of profit in Tract 13968 (Dilley Tract) will be $43,658.93 of which $17,456.52 is represented by deferred notes which will pay off over the next five-year period leaving the sum of $26,202.41 which amount will become due.

"From the above-mentioned sums is deducted the sum of $24,045.80 which represents the amount advanced by us on your account, a transcript of which was given to you, of which $13,654.06 has been applied towards the amount due you on the Prince Tract as noted above, and the remainder applied towards the amount becoming due on Tract 13968, leaving a net amount to become due of $15,810.67.

"As per our agreement and understanding we will pay you this amount in the following manner:

"$5,000.00 on October 24, 1948

"$5,000.00 on November 24, 1948·

"$5,810.67 on December 24, 1948

and on January 24, 1949, we will pay you that portion of deferred contracts received by us for your account on Tract 13968 by December 30, 1948.

"As to the amount reflected by deferred contracts, we will issue you a statement every six months commencing June 30, 1949, reflecting the status of those accounts and will remit to you at those times any portion collected for your credit."

The only affidavit filed in opposition to the motion was one by Milton Kauffman in which he stated that he never at any time agreed to enter into a joint venture with plaintiff for the building of housing projects, or for any other purpose; that plaintiff never contributed any money, or anything of value, for the acquisition, subdivision or construction of any of the houses in any of the tracts referred to in plaintiff's first cause of action; that Milton Kauffman, Inc., never received any consideration for the letter of August 6, 1947, referred to in the second cause of action; that plaintiff "is not now, nor ever has been, a shareholder, director, officer or employee of said Milton Kauffman, Inc." No answer, either by way of denial or explanation, was made by Kauffman or by the defendant corporation with respect to the letter of September 24, 1948, contained in plaintiff's supplemental affidavit, or to the alleged fact that payments have been made to plaintiff under the agreement of August 6, 1947.

The notice of motion asked for, and the order granted, inspection and copying of all books, documents and records relating to Tracts 13968, 14637, 14066 and 14513, showing all disbursements, receipts and profits therefrom; all corporate records pertaining to said tracts; the share certificate book of Milton Kauffman, Inc., records showing salaries paid to, withdrawals by, and loans to its officers and directors during the period involved; copies of tax returns of Milton Kauffman, Inc., and Milton Kauffman covering the period; all records of financial transactions during the period between Milton Kauffman, Inc., and Milton Kauffman, relating to Tracts 13968, 14637, 14066 and 14513.

Petitioners claim the order requires them to "lay bare for inspection and copying . . . all of [their] personal, secret, confidential and private papers" in violation of the constitutional guaranties against unreasonable searches and seizures, and that the affidavits in support of the motion 'fail to show that the records sought to be inspected contain evidence material to the issues presented by the pleadings. They argue that the sole purpose of the motion is to require an accounting in order to determine the "extent" of plaintiff's recovery, and under such circumstances the court should require the moving party "to first establish his right to an accounting."

Plaintiff Thorson rests his case upon the proposition that a sufficient showing of the existence of a joint venture was made to entitle him to fully and completely inspect all books, documents and records in the possession of petitioners in which he has a common interest with them.

█ Code of Civil Procedure, section 1000, in part provides: "Any court in which an action is pending, or a judge or justice thereof may, upon notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy, of entries of accounts in any book, or of any document or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein." A party has a constitutional right to be secure against unreasonable seizures and searches. (Const., art. I, § 19.) Hence, the courts have declared that one seeking inspection must (1) show that the person against whom the order is sought has the writings to be inspected in his possession, (2) identify the writings desired, and (3) clearly show that they contain competent and admissible evidence which is material to the issues to be tried. (*McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386, 396 [159 P.2d 944]; *Kullman, Salz & Co.* v. *Superior Court*, 15 Cal.App. 276, 286 [114 P. 589].) █ Section 1000 is remedial in character and is to be liberally construed. The modern tendency in the administration of justice is to relax the rules which relate to the inspection of writings to the end that the trial of actions may be expedited and justice be more efficaciously and speedily administered. The statute was designed to assist a party to an action to discover material facts even though the writings evidencing such facts are in the possession of the adverse party. It is a wholesome aid to the proper administration of justice. The obtaining of inspection of writings in a case where it appears that the rights of a party may depend upon its proper exercise, should not be regarded "as a game" having fixed rules "that must be literally and punctiliously observed." Refusal to comply with an order of inspection based on technical objections does violence to the spirit and intent of the statute. An inspection such as that ordered here may greatly facilitate the trial and relieve the court from much detail. The applicable rules must be applied liberally, irrespective of the relationship of the parties, and the right of inspection should be encouraged. (*McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386 [159 P.2d 944]; *Union Trust Co.* v. *Superior Court*, 11 Cal.

2d 449 [81 P.2d 150, 118 A.L.R. 259] ; *Ex parte Clarke,* 126 Cal. 235 [58 P. 546, 77 Am.St.Rep. 176, 46 L.R.A. 835] ; *Austin* v. *Turrentine,* 30 Cal.App.2d 750 [87 P.2d 72] ; *Kullman, Salz & Co.* v. *Superior Court,* 15 Cal.App. 276 [114 P. 589] ; *Iroquois Hotel & Apartment Co.* v. *Iroquois Realty Co.,* 126 App.Div. 814 [111 N.Y.S. 172] ; anno.: 58 A.L.R. 1263; 88 A.L.R. 504; 15 L. A. Bar Assn. Bulletin, 62, 64; Fed. Rules of Civ. Proc., rule 34, 48 Stats. 1064, 28 U.S.C.A. § 723c, pp. 356, 604, and cases decided thereunder.) "At times, cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance." (*Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.,* 289 U.S. 689 [53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496].) ■ All intendments are in favor of the validity of the order and it will not be disturbed unless it clearly amounts to an abuse of discretion. (*Maclay Rancho Co.* v. *Superior Court,* 81 Cal.App. 471, 474 [254 P. 287].)

■ The contention of petitioners that inspection may not be had until the moving party has first established his right to an accounting is not tenable. The statute does not so limit the right. The same contention was made and rejected in *Austin* v. *Turrentine,* 30 Cal.App.2d 750, 760 [87 P.2d 72]. It is sufficient if the moving party by his pleadings and affidavits, makes a prima facie showing that he is entitled to an accounting. (*Austin* v. *Turrentine, supra,* pp. 762-764; *Alabama Girls' Industrial School* v. *Reynolds,* 143 Ala. 579 [42 So. 114, 115], quoted from with approval in *Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 461 [81 P.2d 150, 118 A.L.R. 259], and in *Austin* v. *Turrentine, supra,* p. 762.)

The rule relied upon by plaintiff Thorson is stated in 27 Corpus Juris Secundum, section 71(2), page 106, thus: "Production and inspection will be granted of all books and documents in which the parties have a common interest. A production or inspection of books and papers may also be had where applicant has a special interest or right in them. Thus, in an action between partners, production and inspection of the partnership books will be ordered almost as a matter of course when such production and inspection is sought by one of the partners. . . . Production will be required of the books of an employer at the instance of his employee, where the employee is to be paid by a percentage of the profits or business done by the employer, even though the employee has since become his competitor in business, and notwithstanding the employee had had prior opportunity to inspect

them. . . ." (See, also, *Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 461 [81 P.2d 150, 118 A.L.R. 259] ; *Austin* v. *Turrentine,* 30 Cal.App.2d 750, 764 [87 P.2d 72] ; *Ex parte Clarke,* 126 Cal. 235, 241 [58 P. 546, 77 Am.St.Rep. 176, 46 L.R.A. 835] ; anno.: 118 A.L.R. 269.)

█ The facts alleged in the amended complaint and stated in the affidavits of the plaintiff were sufficient to warrant the court in concluding for the purpose of the motion that plaintiff and petitioners were joint adventurers. (30 Am.Jur. §§ 7, 8, 10, 16, pp. 680-685; *Parker* v. *Trefry,* 58 Cal.App.2d 69, 74 [136 P.2d 55] ; *Hupfeld* v. *Wadley,* 89 Cal.App.2d 171 [200 P.2d 564] ; anno.: 48 A.L.R. 1058; 63 A.L.R. 909; 138 A.L.R. 968.) █ A joint venture or undertaking may be formed by parol agreement or it may be inferred from the acts and declarations of the parties. (*Nelson* v. *Abraham,* 29 Cal.2d 745, 749 [177 P.2d 931].) █ While a corporation has no power to enter into a partnership, it may, under a joint venture with others, transact any business which is within the scope of its legitimate powers and thereby become liable on account of the fiduciary relation thus assumed. (*Keyes* v. *Nims,* 43 Cal.App. 1, 9 [184 P. 695].) █ The relationship between joint adventurers is a fiduciary one. (*Nelson* v. *Abraham,* 29 Cal.2d 745, 750 [177 P.2d 931].) █ The resemblance between a partnership and a joint venture is so close that the rights as between adventurers are governed practically by the same rules that govern partners. Accordingly, a joint adventurer may sue in equity for an accounting of the profits flowing from the joint venture. (*Keyes* v. *Nims,* 43 Cal.App. 1, 10 [184 P. 695].) "The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business" with exceptions not pertinent here. (Civ. Code, § 2401, subd. 4.) A partner has a right at all times of access to, and to inspect and copy, the partnership books. (Civ. Code, § 2413.) It is the duty of a partner to render on demand true and full information of all things affecting the partnership to any partner. (Civ. Code, § 2414.) *A fortiori* a joint adventurer has the same rights and obligations. █ The parties are fiduciaries with a duty of disclosure. (*Elsbach* v. *Mulligan,* 58 Cal.App.2d 354, 368 [136 P.2d 651].) █ Whether the relation of joint adventurers existed was primarily a question of fact for the trial court to determine from the facts and the inferences to be drawn therefrom.

(*Spier* v. *Lang,* 4 Cal.2d 711, 716 [53 P.2d 138].) ▮ Having made a prima facie showing that the parties were joint adventurers and that he has not received his share of the profits plaintiff established prima facie that he is entitled to an accounting. (*Austin* v. *Turrentine,* 30 Cal.App.2d 750, 764 [87 P.2d 72]; 14 Cal.Jur. § 7, p. 765; *cf., Butler* v. *Union Trust Co.,* 178 Cal. 195, 198 [172 P. 601]; *Champagne* v. *Passons,* 95 Cal.App. 15, 28, 29 [272 P. 353]; *Peardon* v. *White,* 65 Cal.App. 463 [224 P. 263].)

▮ The next question is whether the evidence sought to be elicited from the documents is "competent and admissible evidence which is material to the issues to be tried." One who sues his coadventurer for profits or for an accounting, has the burden of showing that there are profits to be distributed, that he is entitled to a share of such profits, and that such share has been received by his coadventurer. Where there has been a distribution of profits with the acquiescence of the joint adventurers, the burden is on the one who sues another for an accounting to show that there still remain profits in which he is entitled to share which have not been divided. (30 Am.Jur. § 63, p. 711.) A sufficient showing was made from which the court could reasonably infer that the parties were engaged in a joint venture. In order to determine the rights of the respective parties, it is necessary to ascertain whether there are any profits to be distributed among the coadventurers. Obviously, this can only be done by taking an accounting of the various transactions in which the parties were engaged. Such accounting is necessary not only, as petitioners point out, to determine the "extent" of plaintiff's recovery, but is vital to establish the very issues presented by the complaint. ▮ Having set forth sufficient facts to establish, at least for the purpose of the motion, a right to an accounting, the court did not abuse its discretion in granting plaintiff's motion for an inspection of all writings pertaining to the venture. A sufficient showing was made that plaintiff has a right to an accounting with respect to Tracts 13968, 14637 and 14066 as evidenced by the letter of August 6, 1947. If, as stated in the supporting affidavits, which statement was not disputed, the profits from these tracts have been reinvested progressively in Tracts 14513. 13913 and 13014, then manifestly plaintiff also has a right to an accounting with respect to those tracts. It will be noted that the order only lists writings pertaining to Tracts 13968, 14637, 14066 and 14513. It should be observed that if peti-

tioners had a meritorious defense or answer to any of the verified statements set forth in plaintiff's affidavits, it was incumbent upon them to set it forth in opposing affidavits. Their silence, in this regard, was a matter for the consideration of the trial court in passing upon the motion.

There was no denial of the facts set forth in plaintiff's affidavits showing that the writings sought to be inspected are in the possession of petitioners or that they contain relevant and material evidence. It fairly appears that all of the writings, which by the order plaintiff may inspect and copy, are material, relevant and competent in a determination of the disbursements, receipts and profits of the joint venture and in a determination of plaintiff's share of the profits. When the writings contain material evidence, all that is required in the notice and order is that they be identified by a description that can be reasonably understood by the adverse party. (*Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 458 [81 P.2d 150, 118 A.L.R. 259]; *McClatchy Newspapers* v. *Superior Court,* 26 Cal.2d 386, 397 [159 P.2d 944].) The writings are so described in the notice and order. In view of what has been said, petitioners' contention that the order is too broad in scope and is violative of their constitutional right to be secure against unreasonable searches and seizures, is without merit.

Petitioners suggest, as one of the reasons why the writ should issue, the fact that inspection was ordered of many writings and that they will be put to great inconvenience and trouble in complying with the order. Inconvenience or trouble to which one may be put in being required to permit inspection and copying of writings does not constitute a valid objection to the granting of the remedy. (27 C.J.S. § 79, p. 116.)

Demurrer sustained. Alternative writ discharged. Peremptory writ denied.

Shinn, P. J., and Wood, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied December 1, 1949.