[Civ. No. 15424.   First Dist., Div. One.   Mar. 25, 1953.]

MANTECA VEAL COMPANY et al., Respondents, v.
ARCHIE CORBARI, Appellant.

Cosgrove, Molinari & Tinney and Alan H. Critcher for Appellant.

Felix Lauricella for Respondents.

BRAY, J.—Defendant appeals from a judgment in favor of plaintiffs in the sum of $8,020.82 and interest.

## QUESTIONS PRESENTED

The main question is factual—the sufficiency of the evidence to support the court's finding in favor of plaintiffs on common counts, one for goods sold and delivered, one upon an account stated. Secondary questions concern the court's order requiring defendant to produce his books and the effect of an amendment to the complaint.

## EVIDENCE

Under the rule that our duty on the appeal is to determine if there is substantial evidence to support the court's finding, there can be no doubt that it is supported. One Nicolai, doing business as a wholesale meat dealer under the name of Nicolai Meat Company, was indebted to many creditors. (Nicolai was declared bankrupt after the commencement of this action.) Among them was defendant, to whom about $70,000 was owed, and plaintiffs, who had attached for about $11,000. In December, 1947, the balance due plaintiffs was paid by defendant. Defendant testified this was a loan to Nicolai pursuant to an agreement between plaintiffs and Nicolai Meat Company to keep the business alive and to get plaintiffs to continue to deliver meat to Nicolai. Attorney Walsh testified that Nicolai had advised with him relative to filing a petition under chapter XI of the Bankruptcy Act. A meeting then was called by defendant's attorney at which the latter stated that if defendant came in and operated the business there would be no necessity for filing such petition. It was then arranged that the business was to be entirely controlled by defendant but operated by one Arlin. Then a written assignment of the management of the Nicolai Meat Company for the benefit of himself and the other creditors was made to defendant, in which defendant agreed to furnish meats for the business. Defendant continued to manage the business during all the time here involved.

Plaintiff Antifae testified that he told Nicolai plaintiffs would sell him no more meat. Probably the same day, de-

fendant asked Antifae if he would continue to deliver meat to Nicolai Meat Company. Antifae informed him he would not give Nicolai a penny's worth more. Thereupon defendant said, "I will pay for it; it will help me to get my money out." Peter Antifae, plaintiffs' manager, testified that defendant told him that defendant would be responsible for the meat delivered, that he would pay the bill. Plaintiff Antifae testified that defendant stated that he was not changing the name of the Nicolai Meat Company and to bill in that name. Plaintiffs had no further dealing with Nicolai. Numerous orders were placed with plaintiffs for meat by defendant and also by one Arlin, defendant's authorized agent. In June, 1948, defendant asked Peter Antifae no longer to bill the Nicolai Meat Company for meat delivered by plaintiffs to that company, but to bill defendant instead.

Both Antifaes testified that in August, 1948, defendant claimed an error in the accounting, so defendant with his bookkeeper came to plaintiffs' place of business and together they checked plaintiffs' books. One invoice was missing and when plaintiffs produced the signed invoice, defendant agreed that the balance shown on the book, $8,020.82, was correct and agreed to pay it as soon as he could get a loan. This alone established an account stated.

Defendant denied agreeing to pay for the meat, contending that he was merely managing Nicolai's business for the benefit of creditors and that he had no personal liability. It is unnecessary to detail the other evidence in the case. The testimony of plaintiff Nick Antifae and his brother, Peter Antifae alone is enough to support the court's findings under the conflict of evidence rule. The court's findings do not depend solely upon the testimony of the Antifae brothers. Among other matters, the testimony of defendant is very unsatisfactory, consisting in large degree of statements, "I don't remember," "I don't know." We might point out for defendant's benefit that in an opening brief the "summary of the material facts" required by rule 13, Rules on Appeal, means something more than just the facts favorable to the appellant. While possibly it is too much to hope that an appellant's summary will be completely objective, the court is not impressed by a statement of facts which completely ignores the evidence produced by the other side. Not only does defendant's brief completely ignore the testimony of the Antifae brothers, but it cavalierly dismissed the testimony of an attorney who testified in plaintiffs' favor by stating merely,

"Francis P. Walsh, Esq., was representing Mr. Nicolai in the matter."

### PRODUCTION OF BOOKS

While defendant was testifying plaintiffs moved for an order requiring defendant to produce his books revealing payments to plaintiffs, his check stubs, cancelled checks, "anything pertaining to loans he made to the Nicolai Meat Company, if there were such loans, or whether he was operating that business as his own business." The court stated, "I will order that." Defendant contends that this order violated the rule set forth in *Ex parte Clarke*, 126 Cal. 235 [58 P. 546, 77 Am.St.Rep. 176, 46 L.R.A. 835], *Demaree* v. *Superior Court*, 10 Cal.2d 99 [73 P.2d 605], *Funkenstein* v. *Superior Court*, 23 Cal.App. 663 [139 P. 101], and *Shell Oil Co.* v. *Superior Court*, 109 Cal.App. 75 [292 P. 531]. Assuming, but not deciding, that the court's order was erroneous, it was error without prejudice as the books and other material were not introduced in evidence, nor were the court's findings based on them. In *Grant* v. *Main Oil Co. of Cal.*, 90 Cal.App. 622 [266 P. 554], the appellant complained of the court's alleged error in admitting in evidence certain books of account. The court said (p. 623) : "It is not necessary to pass upon this point for the reason that the evidence clearly established, without the introduction of the books, that plaintiff was entitled to the judgment rendered."

### AMENDMENT TO COMPLAINT

On August 11 a bill of sale to defendant of the business was executed by Nicolai. At the bottom of this document defendant accepted it and stated that he assumed the obligations set forth in an attached list, amounting to $132,000, among which was $7,794.71 due plaintiffs. A notice of intention to sell the business to defendant was published. As a result additional claims of over $20,000 came in, and defendant refused to accept ownership of the business. It was this transaction which the court found to have been rescinded by defendant because of fraud. Near the end of the case plaintiffs moved for leave to amend the complaint to conform to the proof to set up an additional cause of action based on this bill of sale transaction. Defendant did not object, except to say that the statement made by plaintiffs' counsel concerning the proof was not complete. The court allowed the amendment. Defendant now con-

900

tends that having added this additional cause of action and the court having found against it, the causes of action on the two common counts fall with it. There is nothing to such contention. ██ Nor is there any substance to defendant's contention that because at the beginning of the trial plaintiff's counsel stated that defendant was the partner of Nicolai, there was an issue of partnership in the case. Likewise there is no issue of guaranty. Plaintiffs are not suing on any claimed guaranty. As to the first count they are suing on defendant's direct promise to pay if they would deliver meat to the company he was managing. He did not have to own that company, as they apparently contend, in order, as he did, to directly obligate himself to pay. As to the second count they are suing on an account stated, fully proved by the evidence that defendant and his bookkeeper went over and approved the account.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.