DAVID, J.
Following his conviction of violation of Vehicle Code, section 502, with a prior conviction, defendant appeals from the judgment and from the order denying his motion for a new trial. Both are alleged to be erroneous and prejudicial, upon the same three grounds.
(1) The prior conviction was supported solely by a certified transcript of a judgment in a prior case, wherein the defendant’s name was the same as defendant’s in this case. Although he did take the stand, the defendant did not attempt to rebut this prima facie evidence, and it is sufficient. (People v. Carava (1934), 2 Cal.App.2d 696 [38 P.2d 824].)
(2) A subpoena was issued, under Penal Code, section 1327, calling for the attendance of the chief of police, directing him to bring to court certain records. This subpoena was quashed, on the ground that no affidavit had been filed under Code of Civil Procedure, section 1985, preliminary to issuance of the subpoena.
Prior to 1933, Code of Civil Procedure, section 1985, and Penal Code, section 1327, as to the designation of books, papers, etc., in a subpoena were similar. In cases where a subpoena duces tecum was issued under such sections, one who contested the right to such a subpoena, its demands or their scope, had two options. He might refuse to comply, *Supp. 913 whereupon his reasons might be considered in a contempt proceeding; or he might move to quash the subpoena. Upon these hearings, the court might modify or quash the subpoena. These ancillary proceedings could delay the main trial; and following three cases decided by the appellate courts (Ex parte Clarice (1899), 126 Cal. 235, 239 [58 P. 546, 77 Am.St.Rep. 176, 46 L.R.A. 835]; Kullman, Salz & Co. v. Superior Court (1911), 15 Cal.App. 276 [114 P. 589], and Funkenstein v. Superior Court (1914), 23 Cal.App. 663 [139 P. 101]), in which it was held in cognate proceedings under Code of Civil Procedure, section 1000, that the party requesting the documents had the burden of proving their materiality, by affidavit or testimony, the Legislature amended Code of Civil Procedure, section 1985, to require the affidavit to accompany the request for a subpoena duces tecum, in the first instance. Penal Code, section 1327, was not so amended. The trial court in this case quashed the subpoena duces tecum, on the ground that such an affidavit was not filed.
We believe such ruling was correct. The California codes are to be read together and construed as a single statute. (In re Porterfield (1946), 28 Cal.2d 91, 100 [168 P.2d 706, 167 A.L.R. 675] ; Ryder v. City of Los Altos (1954), 125 Cal. App.2d 209, 211 [270 P.2d 532] ; People v. Pryal (1914), 25 Cal.App. 779, 781 [147 P. 114, 115].) Where there are two code provisions on the same subject matter, they will be construed together (Rupley v. Johnson (1953), 120 Cal. App.2d 548, 553 [261 P.2d 318]; Lucchesi v. State Board of Equalization (1934), 137 Cal.App. 478, 482 [31 P.2d 800].) Such a construction here involves no conflict, since the affidavit requirement is in addition to, and not in conflict with any of the provisions of Penal Code, section 1327. While Penal Code, section 1327, was once amended, to conform to changes in name and status of inferior courts, Code of Civil Procedure, section 1985, is the only and latest enactment regarding the procedural issuance of the subpoena itself and as such has controlling effect. (Patchett v. Webber (1926), 198 Cal. 440 [245 P. 422].) If there was in fact, a conflict, the provisions of the two codes must be given such a construction so as to effectuate both. (Gonzales v. Wasson (1876), 51 Cal. 295, 297.) It is well established that all provisions of the law relating to evidence found in the Code of Civil Procedure apply to criminal proceedings, except where the Penal Code adopts a different rule of evidence, (Pen. Code, § 1102 ■ In re Kellogg (1940), 41 Cal.App.2d 833, 837 [107 P.2d 964]; *Supp. 914 People v. Langtree (1883), 64 Cal. 256, 258-259 [30 P. 813].) “ Rules of evidence ’ ’ embrace the procedure to produce documents. (Schratt v. Accurate Instrument Co. (1942), 314 Ill.App. 96 [40 N.E.2d 823, 825].) Conversely, Penal Code, Section 1102, provides the rules of evidence in civil cases are applicable also in criminal actions, except as otherwise provided by the Penal Code. The law of evidence is defined by Code of Civil Procedure, section 1825, to include the rules for production of legal evidence. Thus, the fact that the appellate court in People v. Schmitt (1957), 155 Cal.App.2d 87, 105-106 [317 P.2d 673], quashed a subpoena duces tecum in a criminal case, for failure to make a proper affidavit under Code of Civil Procedure, section 1985, governs the instant cause. The trial court quashed a subpoena duces tecum for the same reason. (See also People v. Bray (1919), 42 Cal.App. 465, 471 [183 P. 712], which was decided even before the 1933 amendment of Code Civ. Proc., § 1985.)
This was not a case where inspection was sought prior to trial, so that preparation could be made. It related to availability at trial. There was no contention made at the trial that the failure to produce the records nor to exhibit them to defendant before trial, prejudiced either the preparation or presentation of his defense.
. (3) Pursuant to Penal Code, section 969, the complaint was amended to change the date of the prior conviction alleged from January 16, 1956, to April 4, 1956, and defendant was rearraigned, pleading not guilty as to the prior of April 4, 1956. He did not request time to plead (Pen. Code, .§ 990.) If denial of a continuance was error, we are not convinced that it was. prejudicial error. It is not shown in the record that defendant while upon the stand denied the prior conviction; nor that any further request was made to have time to produce further proof concerning such alleged prior conviction. Specifically in reference to amendments, Penal .Code, section 1009 provides that the trial shall continue, unless there is a specific showing that the ends of justice require the continuance. The record does not indicate such a showing. (Cf. People v. Severino (1953), 122 Cal.App.2d 172, 181 [264 P.2d 656].)
The judgment and order denying motion for new trial are affirmed.