[Crim. No. 70. Second Appellate District.—February 6, 1908.]

## THE PEOPLE, Respondent, v. WILLIAM MULLEN, Appellant.

CRIMINAL LAW—APPEAL—ORDER DENYING ARREST OF JUDGMENT.—An order denying a motion in arrest of judgment is not appealable, and an attempted appeal therefrom must be disregarded.

ID.—MANSLAUGHTER—EVIDENCE—IDENTITY OF PERSON KILLED.—Where the defendant was charged with manslaughter in the killing of one Patrick Connolly, and there is evidence showing that the deceased's death resulted from a blow on the head, delivered by the defendant, and that defendant was seen at the inquest over the body of Patrick Connolly, at which the cause of his death was found to be a fracture through the temporal bone, it must be presumed from the identity of name, in the absence of evidence to the contrary, that the person on whom the inquest was held was the same person whom the defendant was charged with killing.

ID.—SUPPORT OF VERDICT FOR INVOLUNTARY MANSLAUGHTER.—Where there was evidence tending to show that the defendant had knocked down another man and was engaged in kicking him, whereupon the deceased remonstrated with him for kicking a man while he was down, and was trying to help the man to his feet, whereupon the defendant made a swinging kick, which struck decedent upon the head, from which he died as the result of a fractured temporal bone, the jury was justified in finding a verdict of guilty of involuntary manslaughter.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial and from an order denying a motion in arrest of judgment. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

A. D. Laughlin, and Peck & Palmer, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was charged by information with the crime of manslaughter alleged to have been committed

upon one Patrick Connelly. Upon his plea of not guilty a trial was had, wherein a verdict of guilty of involuntary manslaughter was returned, upon which he was adjudged to serve a term of five years in state prison. He prosecutes this appeal from the judgment and an order denying his motion for a new trial, and also from an order of the court denying his motion in arrest of judgment.

There is no law authorizing an appeal in arrest of judgment, and, therefore, the attempted appeal from this order must be disregarded. (*People* v. *Matuszewski,* 138 Cal. 533, [71 Pac. 701].)

Appellant bases his right to reversal of the order denying his motion for a new trial upon the ground of insufficiency of evidence to support the verdict in that: first, there was no evidence of the death of Patrick Connelly, the person whom defendant was charged with killing; and, second, that the evidence failed to establish the elements constituting the crime of involuntary manslaughter.

1. As regards the first point, Dr. Campbell, a witness called on behalf of the people, testified that he saw the defendant at the inquest over the body of Patrick Connelly, and that the cause of the death of Connelly was fracture through the temporal bone. The Patrick Connelly alleged to have been killed by defendant is, in the absence of any evidence to the contrary, presumed to be identical with the person of that name upon whose body the inquest was held and whose death was caused by a fracture of the temporal bone. Identity of person is presumed from identity of name. (Code Civ. Proc., sec. 1963.) While the presumption is a disputable one, there is no evidence in the record here tending to controvert it. (*People* v. *Riley,* 75 Cal. 100, [16 Pac. 544]; *People* v. *Rolfe,* 61 Cal. 540.) Witness Campbell in testifying to the autopsy which he made on the body, May 20, 1907, speaks of the deceased as "Patrick J. Connelly," and appellant contends that there is no evidence connecting Patrick J. with Patrick Connelly. The witness in the course of his testimony refers to the deceased, first, as "Patrick Connelly," whose body he "posted" on May 20th, and later as "Patrick J. Connelly," upon whose body he made an autopsy, and lastly as "Connelly," the cause of whose *death* "was fracture through the temporal bone." There can be no question as to this evidence being sufficient to prove the death of the person whom

defendant is charged in the information to have unlawfully killed, and the evidence clearly tends to show that his death resulted from the blow delivered by defendant.

2. Regarding the second point upon which the appellant claims reversal, the jury were fully and fairly instructed as to what constituted excusable homicide, as well as the law of involuntary manslaughter. While under the evidence the jury would have been justified in rendering a verdict of excusable homicide, it is equally clear that the evidence might convince them that the attack upon deceased was lacking in the elements constituting excusable homicide. The evidence strongly tends to show that defendant, while engaged in an altercation with one Caulfield, knocked him down and was engaged in kicking him, when deceased interposed and remonstrated against his kicking a man when he was down. While deceased was leaning over Caulfield, apparently for the purpose of assisting him to his feet, defendant struck deceased a swinging blow upon the head, knocking him down, and as a result of the injury caused by said blow Connelly died a few days thereafter. Under these facts the jury might very properly find the attack wholly unjustified and without sufficient or any provocation, and that an undue advantage was taken of Connelly while he was in a defenseless position. The evidence fully supports the verdict of involuntary manslaughter. (*People* v. *Denomme* (Cal.), 56 Pac. 98; *People* v. *Munn,* 65 Cal. 211, [3 Pac. 650].)

The judgment and order denying appellant's motion for a new trial are affirmed.

Allen, P. J., and Taggart, J., concurred.