[Crim. No. 2589.  Second Appellate District, Division Two.—December 8, 1934.]

THE PEOPLE, Respondent, v. JACK CARAVA, Appellant.

A. Brigham Rose for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant had an altercation with a Chinaman in a produce market, which culminated when he struck the latter on the head. The Chinaman was taken to the receiving hospital and thence to a private hospital, where he died the following day from basal fracture of the skull. Defendant was convicted of manslaughter. From judgment of conviction and order denying motion for new trial he appeals on the grounds that the evidence was in-sufficient, that the jury was coerced into reaching a verdict by being required to deliberate too long before agreeing, and that the court's charge to the jury did not include certain instructions requested by defendant.

An examination of the transcript of the testimony shows that the evidence amply supports the jury's verdict. Appellant urges that the deceased concerning whom the autopsy surgeon testified may not have been the person alleged to have been assailed by him. The name and description were identical. "Identity of person is presumed from identity of name. (Code Civ. Proc., sec. 1963.) While the presumption is a disputable one, there is no evidence in the record here tending to controvert it." (*People v. Mullen*, 7 Cal. App. 547 [94 Pac. 867].) The presumption will therefore prevail. The circumstances herein justified, if they did not compel, the conclusion of the jury as to the identity of the deceased as the victim of the assault.

The case was submitted to the jury Friday at 2:15 P. M. They suspended their deliberations from 10 P. M.

of that day to 9 A. M. Saturday, and arrived at a verdict at 4:52 P. M. on the latter day. The time required for such deliberation was not unduly long, and the court properly exercised the discretion vested in it in conformity with Penal Code, section 1140.

The jury was fully and correctly instructed. The additional instructions offered by appellant and refused contained no essential elements which were omitted from the court's charge or which the defendant had a right to require the court to give.

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.