[L. A. No. 17334. In Bank.—March 12, 1940.]

SOUTHERN PACIFIC COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

W. I. Gilbert for Petitioner.

J. H. O'Connor, County Counsel, and Douglas De Coster, Deputy County Counsel, for Respondent.

CURTIS, J.—By this proceeding, petitioner seeks to prohibit the Superior Court of the County of Los Angeles from requiring petitioner to obey a certain *subpoena duces tecum* directed to a representative of petitioner in an action entitled, *"Raymond Houch* v. *Southern Pacific Company et al."* Said subpoena was issued by the clerk of said superior court upon the application of the plaintiff in said action, accompanied by an affidavit as required by section 1985 of the Code of Civil Procedure. No order of court was required by the rules of said court for the issuance of a *subpoena duces tecum* and no order of court was made directing the clerk of said court to issue the said subpoena. Petitioner promptly after the service of said subpoena upon said representative of petitioner, made a motion, upon due notice to the plaintiff in said action, to recall said subpoena, which was denied by said court. Thereupon petitioner instituted this proceeding to prohibit said superior court from requiring the defendants in said action to obey said subpoena. Said subpoena required petitioner to produce, "All the records of said Company relative to those accidents which have occurred on the line of said Company extending from Alhambra, California, to Duarte, California, and running generally through Arcadia and Monrovia, and, particularly, the permanent records of said Company upon which said reports of accidents are itemized, and schedules for the two years last past before the 25th day of February, 1938, and, further, those records which have been made individually by the crew, or members of each crew, where the equipment has been involved in an accident on said line, as above set out, during the last two years heretofore as indicated."

The main ground upon which petitioner contends that the writ should issue is that said subpoena was issued by the clerk without any order of court directing the issuance thereof by said officer. The law of this state governing the issuance of subpoenas is contained in sections 1985 and 1986 of the Code of Civil Procedure. Section 1985 of the Code of Civil Procedure provides that, ''The process by which the attendance of a witness is required is the subpoena. It is a writ or order directed to a person and requiring his attendance at a particular time and place to testify as a witness. It may also require him to bring with him any books, documents, or other things under his control which he is bound by law to produce in evidence.''

''All applications before trial for *subpoenas duces tecum* shall be accompanied by an affidavit specifying the exact matters or things desired to be produced, and setting forth in full detail the materiality thereof to the issues involved in the case, and stating that the witness has the desired matters or things in his possession or under his control.''

Section 1986 of the Code of Civil Procedure in part reads as follows:

''1. A subpoena is issued as follows: To require attendance before a court, or at the trial of an issue therein . . . it is issued by the clerk of the court in which the action or proceeding is pending under the seal of the court . . . ''

It will be noted that no distinction between ordinary subpoenas and *subpoenas duces tecum* in respect to the person by whom they are to be issued is made by code and the only act required of a party desiring the issuance of *subpoena duces tecum*, not required by one desiring the issuance of an ordinary subpoena, is the filing of an affidavit by the applicant as provided by section 1985. In each instance, the clerk of the court is designated as the proper official to issue the subpoena. No provision is made for any order of court as the basis or authority for the act of the clerk in issuing either an ordinary subpoena or a *subpoena duces tecum*. We, therefore, conclude that the clerk of court was authorized to issue said subpoena without an order of court.

It is contended, however, that the requirement of the code that an affidavit be filed as a prerequisite to the issuance of a *subpoena duces tecum* necessarily presupposes that a judicial determination as to the sufficiency of the affidavit to

warrant the issuance of a *subpoena duces tecum* will be made before its issuance. While it is the duty of the clerk to see that an application for a *subpoena duces tecum* is accompanied by an affidavit as required by section 1985 of the Code of Civil Procedure, it is not his duty to pass upon the materiality of the evidence desired to be produced.

While it is true that the affidavit must set forth "in full detail the materiality" of the "matters or things" to the issue involved in the case, we are directed to no authority which makes it the duty of the clerk to pass upon the materiality of such matters. On the other hand, we find it stated upon most respectable authority that, "The approved method of testing the relevancy and materiality of documents required by a *subpoena duces tecum* is to move, as did the appellant here to quash, vacate or modify it." (*Application of Sun-Ray Cloak Co.*, 256 App. Div. 620 [11 N. Y. S. (2d) 202].) In 70 Corpus Juris, page 55, it is stated: "A witness upon whom has been served a *subpoena duces tecum* has a right to question the validity of the writ and the duty to produce the papers called for, and where a subpoena has been improperly issued to enforce the production of documents which the witness is not bound to produce, and his rights are invaded by it, he may properly apply to the court, whose duty it would be to enforce the writ, to vacate it or set it aside. The motion or application to set aside or vacate the subpoena gives the court the opportunity to examine the issues raised by the pleadings in the cause, and in the light thereof to determine the apparent relevancy of the evidence which is sought to be elicited, and also to pass upon the question whether an order for the production of the document in question would constitute an unlawful invasion of privacy."

In passing upon such a motion, the court would have before it the affidavit and would determine from the matters therein stated whether the evidence sought to be procured thereby was material to the issues in the case. This was the procedure followed in this case by the petitioner herein. Petitioner, as one of the defendants in the case in which the subpoena was issued, moved the court to set aside and vacate the subpoena, which motion the court denied. If this is the accepted procedure in such matters, then we think it is apparent that the statements in the affidavit as to the documents to be produced and their materiality to the issues in the case were **not**

to be passed upon by the clerk before the issuance of the subpoena, but were for the guidance of the court in case any objection was thereafter made to their production or introduction as evidence in the case. The subpoena is merely the means whereby the documents or other things required to be produced are brought into court. Even if the opposite party fails in his motion to recall the *subpoena duces tecum,* or fails to make such a motion and the documents are brought into court, their admissibility is to be determined when they are offered in evidence. (*Equitable Life Assur. Soc.* v. *Mpasstas,* 256 App. Div. 878 [9 N. Y. Supp. (2d) 221].) The action of the clerk in the issuance of the *subpoena duces tecum* is merely ministerial as the purpose of the subpoena is to initiate proceedings to have the documents and other matters described in the subpoena brought before the court in order that the court may determine whether they are material evidence in the case pending before it.

 It cannot be said that the issuance of a *subpoena duces tecum* requiring the production of private papers or documents in the manner provided by sections 1985 and 1986 of the Code of Civil Procedure is violative of article I, section 19, of the Constitution of this state, which seeks to protect the citizen against unreasonable searches and seizures. Before any such paper, document, book, or other thing is required to be produced in court, the party against whom it is sought to be used has the right to a judicial determination by the judge before whom the action is pending as to whether the matter sought to be produced is material to the pending case, and also whether its production in court will violate his constitutional rights against unlawful search and seizure. If he desires not to avail himself of this right before the trial of the action commences and prefers to await the time when he is called upon to produce the documents in court, he may then object to their admissibility on the ground of their immateriality or that his constitutional rights are violated by reason of his being compelled to submit them in evidence before the court. It will thus be seen that the party against whom the. evidence is offered has ample opportunity to protect all his rights before the court in which the action is pending.

The practice prescribed by said sections of our code is practically the same as that provided by the United States Supreme Court in the recently adopted Rules of Civil Pro-

cedure for the district courts of the United States. Rule 45 provides that every subpoena may be issued by the clerk under the seal of the court, and, "A subpoena may also command the person to whom it is directed to produce the books, papers, or documents designated therein." In addition thereto this rule provides that the court upon a motion may quash the subpoena if it is unreasonable and oppressive or the court may deny the motion on condition that the person in whose behalf the subpoena is issued advances the reasonable costs of producing the documents. While our code does not provide for such a motion, the court undoubtedly has the inherent power to entertain such a motion, and to grant or deny it. (*Application of Sun-Ray Cloak Co., supra.*) It is hardly to be supposed that the United States Supreme Court would promulgate such a rule if there were any doubt that its enforcement would violate the constitutional rights of any citizen. The section of our state Constitution against unreasonable search and seizure is identical with that of the federal Constitution on the same subject.

Petitioner has cited a number of authorities in support of the proposition "that it is improper to permit a ministerial officer to pass upon the sufficiency of the affidavit required by section 1985 of the Code of Civil Procedure". We have examined these cases and do not find the above statement to be entirely correct. The authorities cited do, however, at least inferentially, hold that it is improper for a ministerial officer to pass upon the materiality of the evidence required by section 1985 of the Code of Civil Procedure. They are, therefore, in complete harmony with our conclusion in this case as hereinbefore stated.

It is therefore ordered that the petition herein for a peremptory writ of prohibition be and the same is hereby denied, and the alternative writ heretofore issued be and the same is hereby discharged.

Gibson, J., Edmonds, J., Shenk, J., Houser, J., and Waste, C. J., concurred.

Carter, J., deeming himself disqualified, took no part in the consideration or decision of this case.