Frank S. Schratt, Appellee, v. Accurate Instrument Company, Inc., Appellant.

Gen. No. 41,850.

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed March 24, 1942.

Gustav E. Beerly, of Chicago, for appellant; John F. Diffenderffer, Jr., of Chicago, of counsel.

Howard D. Moses, of Chicago, for appellee.

Mr. Justice Friend delivered the opinion of the court.

Frank S. Schratt, Sebastian Hausinger and Otto Schneider were the officers, directors and sole stockholders of defendant corporation. They devoted their full time to the company's business and drew salaries of $150 each a week. At a meeting of the directors held in April 1938, their salaries were reduced from $150 to $90 a week and made retroactive as of January 1, 1938. January 2, 1939, the company owed each of them $699, based upon the reduced sum of $90 a week, for the year 1938, and on that day it executed and delivered to each of them a note for $699 signed by plaintiff as president and Otto Schneider as vice president. Plaintiff's note being lost or destroyed, he sued on the missing instrument and had judgment for $699 and costs, from which defendant appeals.

As a foundation for the introduction of secondary evidence plaintiff's counsel served defendant's attorney with a notice to produce the corporate minutes at which the issuance of the notes had been authorized. This notice was served by mail in accordance with rule 5 of the municipal court, which provides that when a party is represented by an attorney of record, papers may be served on such attorney either by delivering the same to him personally, or leaving them in the office of the attorney with his clerk or a person in charge of the office, "Or, by depositing them in a United States post office or post office box, enclosed in an envelope, plainly addressed to such attorney at his business address, or to the party at his business address or residence, with postage fully prepaid." Proof of service of mailing the notice to produce the corporate records was supported by the affidavit of counsel for plaintiff.

Upon trial plaintiff sought to prove his case by introducing secondary evidence of the corporate minutes of defendant, showing that the issuance of the note was authorized at a special meeting of the directors of the corporation. After several objections to this procedure had been sustained by the court, the proffered evi-

dence was admitted by the trial judge, who held that under rule 5, paragraph (2) (c) of the municipal court, service of notice by mail was valid and sufficient. Thereupon Harry A. Knautz, who had rendered accounting services to defendant during the years 1938 and 1939, testified that he was present at the meeting of the directors in April 1938, which was attended by Schratt, Hausing and Schneider, and related a conversation of the directors substantially to the effect that in view of the reduced volume of business during 1938, the officers' salaries would have to be reduced to curtail expenses, and that minutes were prepared at that time by the witness giving effect to these reductions in salary. Defendant's counsel disclaimed receipt or knowledge of the notice mailed, but there was no sworn testimony or offer of proof whatever to overcome the prima facie case made by the affidavit of plaintiff's counsel of the mailing of notice. Moreover, defendant's argument throughout its brief proceeds on the theory that the notice was served by mailing in compliance with rule 5.

Defendant takes the position that the service of notice to produce documents as a foundation for the introduction of secondary evidence is a *substantive* rule of law which may not be changed or altered by the rules of the municipal court. It is conceded that the statute empowers the municipal court to make rules relating to the *practice and procedure* in that court for the efficient administration of justice, but defendant argues that the requisite notice to produce documents as a foundation for the introduction of secondary evidence is a substantive rule of law, requiring that such notice be served personally and that the municipal court is not empowered to change that rule.

There is considerable authority for the proposition that all rules of court must be subordinate to statutory enactments and substantive rules of law, and that although courts have undoubted power to make all reasonable rules for the transaction of the business of the

courts, nevertheless their rules must be in furtherance of the law and not in contravention of it. The reported cases distinguish between rules of procedure made to facilitate the orderly disposition of the business of courts for the purpose of expediting the administration of justice, and rules of substantive law and statutory proceedings affecting the rights of litigants. The necessity for serving notice to produce documents as a prerequisite for the introduction of secondary evidence may be regarded as a rule of evidence, but the manner of serving such notice is undoubtedly subject to rule of court. It would be idle to argue that defendant's liability on the promissory note sued upon would be in any way affected by the manner of serving notice to produce records as a foundation for the introduction of secondary evidence. While it may be conceded that under the practice usually followed, notice to produce documents is had by personal service, we see no reason why this procedure may not be modified by rule of court, especially in the absence of statute and in view of the fact that it does not affect the liability of the party sued.

Along with the foregoing argument, defendant's counsel cite and rely on par. 9, ch. 51, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.074], pertaining to "Evidence and Depositions," which prescribes that courts shall have power in any action pending before them, upon motion, and good and sufficient cause shown, "and reasonable notice thereof given," to require parties to produce books or writings in their possession which contain evidence pertinent to the issue. It is extremely doubtful whether this statute relates to the subject matter of this proceeding; it is usually invoked to procure an order of court to compel the production of books and papers which contain evidence pertinent to the issue. Such application is always directed to the court and granted only where good cause is shown, so as to prevent unnecessary and unfair disclosure of a litigant's business affairs. It is

not in any way analogous to the procedure invoked for the purpose of laying the foundation for the introduction of secondary evidence.

The remaining contention is that a resolution voting salary to an officer, especially when the corporation is insolvent, renders the action void. This proposition is predicated upon the theory that the directors of an insolvent corporation cannot give away its assets or use them to exonerate themselves to the injury of other creditors, and that if any of the directors are creditors of the corporation, they cannot secure any advantage or preference in the payment of their claims at the expense of other creditors. (*Beach v. Miller,* 130 Ill. 162.) The record in this proceeding shows that the company had lost some money in 1938, but there is no evidence that it was insolvent or that there were any unpaid creditors except the three officers whose salaries had not been paid in full. They had simply voted to issue to themselves promissory notes in lieu of the cash to which they were entitled as the unpaid portion of their salaries. Since the record does not disclose that there were any creditors who could possibly be injured by the transaction, and no fraud or unfairness appears to have been perpetrated upon anyone, we perceive no reason why plaintiff should be precluded from recovering on his lost promissory note. The salary he had earned was payable to him in cash and his willingness to accept the note in lieu thereof does not stamp the transaction as illegal. Whether the corporation was making or losing money, no creditor or stockholder was injured thereby. The defense interposed is a technical one and there is no doubt that the note represents salary actually due plaintiff.

For the reasons indicated, we are of opinion that the judgment should be affirmed, and it is so ordered.

*Judgment affirmed.*

Scanlan, P. J., and Sullivan, J., concur.