In the Matter of JOSEPH SLIPYAN, Petitioner. J. IRWIN SHAPIRO, as Commissioner of Investigation of the State of New York. Respondent.

Supreme Court, Special Term, New York County, September 12, 1955.

*Joseph Slipyan,* petitioner in person.

*Jacob K. Javits, Attorney-General, J. Irwin Shapiro,* in person, and *Henry W. Schober* for respondent.

Lynch, J. This is an application to quash a subpœna duces tecum issued by the respondent, the Commissioner of Investigation of the State of New York. The subpœna was issued in the exercise of the investigatorial powers granted respondent by section 11 of the Executive Law. The investigation has to do with the "Activities of the State Liquor Authority, New York City"; "Alcoholic Beverage Control Board, and their members and employees." Petitioner is an Alcoholic Beverage Control Investigator. The subpœna calls for the production of an "attached financial questionnaire, fully completed." Quashing is sought on the grounds that respondent is "without authority to conduct the investigation, that he has exceeded his powers, that he proposes to ask improper, immaterial, and irrelevant questions, and that he is violating constitutional rights." A point is made with respect to the proper payment of witness' fees. Petitioner's real objection, however, is phrased thus: "My most important objection however, and my real grievance is that the questions that Mr. Shapiro (respondent commissioner) has put to me by this questionnaire, whether answered orally or in writing, are entirely improper and are an invasion of my constitutional right to privacy."

Preliminarily, the court is faced with a procedural problem. There can be no question of the power of respondent to issue subpœnas and subpœnas duces tecum (Executive Law, § 11). The subpœna on its face is in good order. Service thereof, absent the fee point, was duly made. There are cases which hold that the validity or scope of the command of a subpœna or a subpœna duces tecum may be determined on a preliminary motion to quash. In A. L. R. (vol. 130, p. 323), the California case of *Southern Pacific Co.* v. *Superior Court in and for Los Angeles Co.* (15 Cal. 2d 206) is reported as authority for a preliminary test. In the annotation thereunder (p. 327) there is a general discussion of New York cases as well as cases in other jurisdictions, holding that preliminary tests are proper. In granting such relief, however, there must be a very clear showing of the right thereto. The Court of Appeals in discussing the subpœna power of the commissioner of accounts of the City of New York observed that these powers would " be rendered to a large extent abortive if his subpœnas are to be quashed in advance of any hearing at the instance of unwilling witnesses upon forecasts of the testimony and nicely balanced arguments as to its probable importance. Very often the bearing of information is not susceptible of intelligent estimate until it is placed in its setting, a tile in the mosaic. Investiga-

tion will be paralyzed if arguments as to materiality or relevance, however appropriate at the hearing, are to be transferred upon a doubtful showing to the stage of a preliminary contest as to the obligation of the writ. * * * Only where the futility of the process to uncover anything legitimate is inevitable or obvious must there be a halt upon the threshold '' (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374, 381–382). Applying this principle to the application under consideration, the court holds that petitioner's contention that the questions contained in the questionnaire are improper whether put orally or in writing is not well taken at this time. Such propriety should not be determined here and now. The propriety of such questions put orally to this witness, properly subpœnaed, should be left for future and other determination. Now, however, without considering such matters, this court can consider the propriety of the command for the production of a fully completed questionnaire.

This court is of the opinion that a witness cannot be compelled, under a subpœna duces tecum, to place in writing his answers to written questions propounded to him. The purpose of a subpœna duces tecum is to compel the person upon whom it is served to produce, under penalty, documents or records in his possession. It carries no further authority. It may not be used to compel a person to do any affirmative act other than the production of such documents or records as they exist at the time of service of the subpœna. Thus, a person, under a subpœna duces tecum, must produce his books of record, but he cannot be compelled to make entries therein. Neither in the instant case can the witness be compelled to answer the various questions in the questionnaire. Very recently in *Matter of Cole (Reiss)* (208 Misc. 697) CAPOZZOLI, J., held in the Court of General Sessions that witnesses before the Grand Jury of this county could not be compelled to complete questionnaires such as the one submitted to this petitioner. It follows that if a witness cannot be compelled by grand jury direction to perform such a task, that the command of a subpœna duces tecum is, a fortiori, incapable of accomplishing such compulsion.

The motion is accordingly granted to the extent of quashing the subpœna duces tecum for the reasons stated. This disposition renders unnecessary any consideration of the subsidiary point raised with respect of the payment of witness' fees.