STATE v. DONALD THOMPSON.

(*November* 27, 1957.)

CAREY, J., sitting.

*Edward J. Wilson* for petitioner.

*Hiram W. Warder* for respondent, defendant.

Superior Court for New Castle County, No. 319, Cr. A., 1957.

CAREY, J.:

The general rule covering an application of this type is stated in 97 *C. J. S.* Witnesses § 19, p. 370 in the following language:

"The validity and scope of command of a subpoena may be determined on preliminary motion to quash, but such relief will be granted only on a very clear showing of the right thereto * * * Ordinarily, the remedy of a person claiming to have been wrongfully or improperly subpoenaed is to refuse to be sworn, or refuse to answer questions directed to him, and not to apply for the quashal of the subpoena * * *".

In the present case, the validity and service of the subpoena are not questioned. The real effect of the present motion is to ask the Court to rule, in advance of trial, that Mrs. Creedon cannot be questioned on the stand because she may not be compelled to testify against her husband. Petitioner thus seeks to raise and have this Court now decide the question which was left open in the case of *State v. Lynch*, 2 *W. W. Harr.* 600, 128 *A.* 565. In that case, however, the Court did, upon way of dictum, suggest rather strongly that a spouse is not only a competent but

also a compellable witness against her husband as to matters not privileged on account of confidential communication, even where the spouse was a defendant in the case, in view of Title 11 *Revised Code*, § 3502. *Cf.* 8 *Wigmore on Evidence* Ch. 79. Here, of course, the husband is not a party.

Assuming, without deciding, that there may be instances when a Court may, in advance of trial, determine whether the anticipated testimony of a witness is admissible, compellable or material, this relief should not be granted in the absence of a very plain showing. The reasons for such a rule are obvious. *In Re Edge Ho Holding Corp.*, 256 *N. Y.* 374, 176 *N. E.* 537; *Overholser v. DeMarcos*, 80 *U. S. App. D. C.* 91, 149 *F.* 2d 23; *Application of Slipyan*, 208 *Misc.* 515, 145 *N. Y. S.* 2d 630. Whenever there is doubt, determination of those matters ought to await the trial itself, for the trial Judge can much more efficiently and understandingly rule upon those questions in the light of the other testimony before him.

In the present case, petitioner has not clearly shown that she has no relevant testimony to give nor is it entirely clear that she cannot be compelled to testify. Her affidavit indicates that she knows nothing about the crime except as related to her by her husband, but this allegation is not sufficient to show a privileged communication; he may have said things to her in the presence of other people. Counsel for Thompson has indicated an expectation to question her about some matters which may not be privileged. She has failed to show that any harm will be done to her by being obliged to attend the trial, her objection being limited to testifying. It may be that she will not be required to testify by the trial Judge, depending upon the questions asked her and the Court's view of the law.

I am of the opinion, therefore, that the legal questions raised ought not be determined at this stage and petitioner's motion will, therefore, be denied without prejudice to her right to raise those questions again at the trial.