175 Cal.App.2d Supp. 911 (1959)
THE PEOPLE, Respondent,
v.
LARRY G. CLINESMITH, Appellant.
California Court of Appeals. 
Nov. 17, 1959.
 Umann & Marks for Appellant.
 Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.
 DAVID, J.
 Following his conviction of violation of Vehicle Code, section 502, with a prior conviction, defendant appeals from the judgment and from the order denying his motion for a new trial. Both are alleged to be erroneous and prejudicial, upon the same three grounds.
 [1] (1) The prior conviction was supported solely by a certified transcript of a judgment in a prior case, wherein the defendant's name was the same as defendant's in this case. Although he did take the stand, the defendant did not attempt to rebut this prima facie evidence, and it is sufficient. (People v. Carava (1934), 2 Cal.App.2d 696 [38 P.2d 824].)
 [2] (2) A subpoena was issued, under Penal Code, section 1327, calling for the attendance of the chief of police, directing him to bring to court certain records. This subpoena was quashed, on the ground that no affidavit had been filed under Code of Civil Procedure, section 1985, preliminary to issuance of the subpoena.
 Prior to 1933, Code of Civil Procedure, section 1985, and Penal Code, section 1327, as to the designation of books, papers, etc., in a subpoena were similar. In cases where a subpoena duces tecum was issued under such sections, one who contested the right to such a subpoena, its demands or their scope, had two options. He might refuse to comply, [175 Cal.App.2d Supp. 913] whereupon his reasons might be considered in a contempt proceeding; or he might move to quash the subpoena. Upon these hearings, the court might modify or quash the subpoena. These ancillary proceedings could delay the main trial; and following three cases decided by the appellate courts (Ex parte Clarke (1899), 126 Cal. 235, 239 [58 P. 546, 77 Am.St.Rep. 176, 46 L.R.A. 835]; Kullman, Salz & Co. v. Superior Court (1911), 15 Cal.App. 276 [114 P. 589], and Funkenstein v. Superior Court (1914), 23 Cal.App. 663 [139 P. 101]), in which it was held in cognate proceedings under Code of Civil Procedure, section 1000, that the party requesting the documents had the burden of proving their materiality, by affidavit or testimony, the Legislature amended Code of Civil Procedure, section 1985, to require the affidavit to accompany the request for a subpoena duces tecum, in the first instance. Penal Code, section 1327, was not so amended. The trial court in this case quashed the subpoena duces tecum, on the ground that such an affidavit was not filed.
 We believe such ruling was correct. [3] The California codes are to be read together and construed as a single statute. (In re Porterfield (1946), 28 Cal.2d 91, 100 [168 P.2d 706, 167 A.L.R. 675]; Ryder v. City of Los Altos (1954), 125 Cal.App.2d 209, 211 [270 P.2d 532]; People v. Pryal (1914), 25 Cal.App. 779, 781 [147 P. 114, 115].) [4] Where there are two code provisions on the same subject matter, they will be construed together (Rupley v. Johnson (1953), 120 Cal.App.2d 548, 553 [261 P.2d 318]; Lucchesi v. State Board of Equalization (1934), 137 Cal.App. 478, 482 [31 P.2d 800].) Such a construction here involves no conflict, since the affidavit requirement is in addition to, and not in conflict with any of the provisions of Penal Code, section 1327. While Penal Code, section 1327, was once amended, to conform to changes in name and status of inferior courts, Code of Civil Procedure, section 1985, is the only and latest enactment regarding the procedural issuance of the subpoena itself and as such has controlling effect. (Patchett v. Webber (1926), 198 Cal. 440 [245 P. 422].) If there was in fact, a conflict, the provisions of the two codes must be given such a construction so as to effectuate both. (Gonzales v. Wasson (1876), 51 Cal. 295, 297.) [5] It is well established that all provisions of the law relating to evidence found in the Code of Civil Procedure apply to criminal proceedings, except where the Penal Code adopts a different rule of evidence. (Pen. Code, 1102; In re Kellogg (1940), 41 Cal.App.2d 833, 837 [107 P.2d 964]; [175 Cal.App.2d Supp. 914] People v. Langtree (1883), 64 Cal. 256, 258- 259 [30 P. 813].) [6] "Rules of evidence" embrace the procedure to produce documents. (Schratt v. Accurate Instrument Co. (1942), 314 Ill.App. 96 [40 N.E.2d 823, 825].) Conversely, Penal Code, section 1102, provides the rules of evidence in civil cases are applicable also in criminal actions, except as otherwise provided by the Penal Code. The law of evidence is defined by Code of Civil Procedure, section 1825, to include the rules for production of legal evidence. Thus, the fact that the appellate court in People v. Schmitt (1957), 155 Cal.App.2d 87, 105-106 [317 P.2d 673], quashed a subpoena duces tecum in a criminal case, for failure to make a proper affidavit under Code of Civil Procedure, section 1985, governs the instant cause. The trial court quashed a subpoena duces tecum for the same reason. (See also People v. Bray (1919), 42 Cal.App. 465, 471 [183 P. 712], which was decided even before the 1933 amendment of Code Civ. Proc., 1985.)
 This was not a case where inspection was sought prior to trial, so that preparation could be made. It related to availability at trial. There was no contention made at the trial that the failure to produce the records nor to exhibit them to defendant before trial, prejudiced either the preparation or presentation of his defense.
 [7] (3) Pursuant to Penal Code, section 969, the complaint was amended to change the date of the prior conviction alleged from January 16, 1956, to April 4, 1956, and defendant was rearraigned, pleading not guilty as to the prior of April 4, 1956. He did not request time to plead (Pen. Code, 990.) If denial of a continuance was error, we are not convinced that it was prejudicial error. It is not shown in the record that defendant while upon the stand denied the prior conviction; nor that any further request was made to have time to produce further proof concerning such alleged prior conviction. Specifically in reference to amendments, Penal Code, section 1009 provides that the trial shall continue, unless there is a specific showing that the ends of justice require the continuance. The record does not indicate such a showing. (Cf. People v. Severino (1953), 122 Cal.App.2d 172, 181 [264 P.2d 656].)
 The judgment and order denying motion for new trial are affirmed.
 SWAIN, P. J.
 I concur. Even though we were to hold that Code of Civil Procedure, section 1985, does not apply to criminal actions, Cal. Const., art. I, 19, which protects a [175 Cal.App.2d Supp. 915] person against unreasonable search and seizure, means that it is "incumbent upon the one seeking an inspection to show clearly that he has a right thereto and that the constitutional guaranties will not be infringed." (McClatchy Newspapers v. Superior Court (1945), 26 Cal.2d 386, 396 [159 P.2d 944].) This showing may be made by affidavit or otherwise. Therefore, if a subpoena duces tecum is issued without an affidavit or other proof of its constitutionality, a court cannot enforce the subpoena until the necessary proof is supplied. In the case at bar no attempt was made to supply that proof so the order to quash was proper.
 BISHOP, J.
 I dissent, for I am not able to agree that the last paragraph of section 1985, Code of Civil Procedure, applies in criminal cases.
 The provisions of section 1000, Code of Civil Procedure, are as much "rules of evidence in civil cases" as are those of section 1985, yet it is established that section 1000 does not apply in criminal cases. (People v. Ratten (1940), 39 Cal.App.2d 267, 271 [102 P.2d 1097, 1099]; People v. Wilkins (1955), 135 Cal.App.2d 371, 377-378 [287 P.2d 555, 559].)
 But if section 1985 does provide rules of evidence, sections 1326 and 1327 of the Penal Code "otherwise provide." To secure a subpoena duces tecum, under section 1985, one applies for such a subpoena and the clerk, whose duty it is to issue it, may refuse to do so unless the application is accompanied by the specified affidavit. (Southern Pacific Co. v. Superior Court (1940), 15 Cal.2d 206, 209 [100 P.2d 302, 303, 130 A.L.R. 323].) The provision of section 1326 of the Penal Code, on the other hand, is that, in criminal actions, the clerk is to issue to the defendant "as many blank subpenas ... for witnesses in the State, as the defendant may require." A blank subpoena becomes a subpoena duces tecum only when the defendant fills in the name of the witness to be served, the time and place that he is to appear, and a direction, in those cases where he desires it, that the witness bring with him some document or paper. At the time the defendant applies for a blank subpoena the clerk has no way of knowing whether or not the subpoena will become a subpoena duces tecum, and the defendant himself may not know. It is quite apparent that the subpoena that was quashed in this case was a blank form when issued, and that, on defendant's behalf, the name of the witness desired and the direction that he bring "All Police Reports, photographs, witness statements [175 Cal.App.2d Supp. 916] ... involving the above named defendant" were added to the printed form. The procedure followed did not comply with the Code of Civil Procedure, but this was a criminal case, and the Penal Code "provides otherwise."
 Giving to sections 1326 and 1327 the effect of their plain terms does not render them unconstitutional. That such statutes do not offend the constitutional protection against unreasonable search and seizure is carefully pointed out in Southern Pacific Co. v. Superior Court, supra, 15 Cal.2d 206, 210-211 [100 P.2d 302, 304-305, 130 A.L.R. 323]. After noting that it was not the duty of the clerk to pass on the sufficiency of the affidavit required by section 1985, but only to make sure that it was present, and that an order of court was not a prerequisite to the issuance of a subpoena duces tecum, the court stated: "It cannot be said that the issuance of a subpoena duces tecum requiring the production of private papers or documents in the manner provided by sections 1985 and 1986 of the Code of Civil Procedure is violative of article I, section 19, of the Constitution of this state, which seeks to protect the citizen against unreasonable searches and seizures. Before any such paper, document, book, or other thing is required to be produced in court, the party against whom it is sought to be used has the right to a judicial determination by the judge before whom the action is pending as to whether the matter sought to be produced is material to the pending case, and also whether its production in court will violate his constitutional rights against unlawful search and seizure. If he desires not to avail himself of this right before the trial of the action commences and prefers to await the time when he is called upon to produce the documents in court, he may then object to their admissibility on the ground of their immateriality or that his constitutional rights are violated by reason of his being compelled to submit them in evidence before the court. It will thus be seen that the party against whom the evidence is offered has ample opportunity to protect all his rights before the court in which the action is pending."
 Section 1985 was not amended to contain the requirement for an affidavit until 1933. If, during all the years from 1872 to 1933, an affidavit were constitutionally necessary in order to obtain a subpoena duces tecum, surely some case would have so held. Moreover, in view of People v. Chapman (1959), 52 Cal.2d 95, 98 [338 P.2d 428, 430], and Funk v. Superior Court (1959), 52 Cal.2d 423, 424 [340 P.2d 593, 594], it is clear that the materiality and relevancy of the things the [175 Cal.App.2d Supp. 917] chief of police was directed to bring with him sufficiently appeared, from the subpoena itself, to require their production. Had this not been so, the motion to quash should have been made and considered on some ground other than that on which it was made and granted, that is, that no affidavit accompanied the application for it.
 With respect to People v. Schmitt (1957), 155 Cal.App.2d 87, 105-106 [317 P.2d 673, 686], all concerned in that case assumed that an affidavit was required; the question we have been considering was not raised in the briefs, and its answer was assumed, not decided, in the opinion. Under these circumstances, the case is not an authority on the question (Gonzales v. Superior Court (1935), 3 Cal.2d 260, 264 [44 P.2d 320, 321]); it does not "govern this case."
 I would reverse the judgment and the order denying the defendant a new trial.