BISHOP, J.
I dissent, for I am not able to agree that the last paragraph of section 1985, Code of Civil Procedure, applies in criminal cases.
The provisions of section 1000, Code of Civil Procedure, are as much “rules of evidence in civil cases” as are those of section 1985, yet it is established that section 1000 does not apply in criminal cases. (People v. Ratten (1940), 39 Cal.App.2d 267, 271 [102 P.2d 1097,1099]; People v. Wilkins (1955), 135 Cal.App.2d 371, 377-378 [287 P.2d 555, 559].)
But if section 1985 does provide rules of evidence, sections 1326 and 1327 of the Penal Code “otherwise provide.” To secure a subpoena duces tecum, under section 1985, one applies for such a subpoena and the clerk, whose duty it is to issue it, may refuse to do so unless the application is accompanied by the specified affidavit. (Southern Pacific Co. v. Superior Court (1940), 15 Cal.2d 206, 209 [100 P.2d 302, 303, 130 A.L.R. 323].) The provision of section 1326 of the Penal Code, on the other hand, is that, in criminal actions, the clerk is to issue to the defendant “as many blank subpenas . . . for witnesses in the State, as the defendant may require.” A blank subpoena becomes a subpoena duces tecum only when the defendant fills in the name of the witness to be served, the time and place that he is to appear, and a direction, in those cases where he desires it, that the witness bring with him some document or paper. At the time the defendant applies for a blank subpoena the clerk has no way of knowing whether or not the subpoena will become a subpoena duces tecum, and the defendant himself may not know. It is quite apparent that the subpoena that was quashed in this ease was a blank form when issued, and that, on defendant’s behalf, the name of the witness desired and the direction that he bring “All Police Reports, photographs, witness state *Supp. 916 ments . . . involving the above named defendant” were added to the printed form. The procedure followed did not comply with the Code of Civil Procedure, but this was a criminal case, and the Penal Code “provides otherwise.”
Giving to sections 1326 and 1327 the effect of their plain terms does not render them unconstitutional. That such statutes do not offend the constitutional protection against unreasonable search and seizure is carefully pointed out in Southern Pacific Co. v. Superior Court, supra, 15 Cal.2d 206, 210-211 [100 P.2d 302, 304-305, 130 A.L.R 323]. After noting that it was not the duty of the clerk to pass on the sufficiency of the affidavit required by section 1985, but only to make sure that it was present, and that an order of court was not a prerequisite to the issuance of a subpoena duces tecum, the court stated: “It cannot be said that the issuance of a subpoena duces tecum requiring the production of private papers or documents in the manner provided by sections 1985 and 1986 of the Code of Civil Procedure is violative of article I, section 19, of the Constitution of this state, which seeks to protect the citizen against unreasonable searches and seizures. Before any such paper, document, book, or other thing is required to be produced in court, the party against whom it is sought to be used has the right to a judicial determination by the judge before whom the action is pending as to whether the matter sought to be produced is material to the pending case, and also whether its production in court will violate his constitutional rights against unlawful search and seizure. If he desires not to avail himself of this right before the trial of the action commences and prefers to await the time when he is called upon to produce the documents in court, he may then object to their admissibility on the ground of their immateriality or that his constitutional rights are violated by reason of his being compelled to submit them in evidence before the court. It will thus be seen that the party against whom the evidence is offered has ample opportunity to protect all his rights before the court in which the action is pending.”
Section 1985 was not amended to contain the requirement for an affidavit until 1933. If, during all the years from 1872 to 1933, an affidavit were constitutionally necessary in order to obtain a subpoena duces tecum, surely some case would have so held. Moreover, in view of People v. Chapman (1959), 52 Cal.2d 95, 98 [338 P.2d 428, 430], and Funk v. Superior Court (1959), 52 Cal.2d 423, 424 [340 P.2d 593, 594], it is clear that the materiality and relevancy of the things the *Supp. 917 chief of police was directed to bring with him sufficiently appeared, from the subpoena itself, to require their production. Had this not been so, the motion to quash should have been made and considered on some ground other than that on which it was made and granted, that is, that no affidavit accompanied the application for it.
With respect to People v. Schmitt (1957), 155 Cal.App.2d 87, 105-106 [317 P.2d 673, 686], all concerned in that case assumed that an affidavit was required; the question we have been considering was not raised in the briefs, and its answer was assumed, not decided, in the opinion. Under these circumstances, the case is not an authority on the question (Gonzales v. Superior Court (1935), 3 Cal.2d 260, 264 [44 P.2d 320, 321]); it does not “govern this case.”
I would reverse the judgment and the order denying the defendant a new trial.