■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v. CITY OF NEW YORK COMMISSION ON HUMAN RIGHTS, Respondent.— Order, Supreme Court, New York County, entered February 25, 1972 denying petitioner's application to quash subpoenas and granting respondent's cross motion directing compliance therewith, modified on the law and the facts to limit the scope of the subpoenas to such records kept in the ordinary course of business or otherwise required to be kept by law, as well as any other records now in existence; and otherwise affirmed, without costs and without disbursements. In the opinion rendered at Special Term such limitation was recognized; however, the order entered thereon failed to incorporate a provision for such limitation. We agree with Special Term that the commission was authorized to issue the subpoenas and that the complaint contained sufficient facts "to set the investigatory machinery in motion." Since a subpoena may not serve to compel production of documents and records not in existence at the time of service of the subpoena (see *Matter of Slipyan* [*Shapiro*], 208 Misc. 515, 517, app. dsmd. 286 App. Div. 1091), the limitation directed herein should be applied to the instant subpoenas. Appellant upon its application to quash attacked the subpoenas in their entirety and did not specify objections to particular items. Therefore, the limitation must necessarily be in general terms as well, rather than as to any specific items in the subpoenas. Concur— Stevens, P. J., Tilzer and Eager, JJ.; McGivern and Steuer, JJ., dissent in the following memorandum by McGivern, J.: I regret that I must differ from the majority's basic conclusion that "the *complaint contained sufficient facts* to set the investigatory machinery in motion." (Italics supplied.) Indeed, I find no facts at all in the complaint. I find that the complaint states that "the Commission has reason to believe", and further that "respondent's practices  *  *  *  have resulted in the denial of employment opportunities", but nowhere do I find any details as to what the specific practices were. The city tells us that "Details concerning the mode of discrimination must await the developments of the investigation." Unfortunately, this threshold assumption of wrongdoing is not permitted by section B1–8.0 of the Administrative Code, which mandates that the complaint "*shall* set forth the particulars". (Italics supplied.) But, in the instant complaint, we have no particulars, no cognizable facts, only conclusory allegations, not meeting the statutory requirements; and thus, I do not think the so-called complaint is adequate to withstand a challenge. (See *Adolph Coors Corp.* v. *Equal Employment Opportunity Comm.*, 320 F. Supp. 1027.) In sum, we have no complaint sufficient to support a subpoena. And since the complaint falls, the subpoenas must also be quashed, as the code does not permit the issuance of investigative subpoenas independent of the conduct of a hearing. Then, and only then, may it "require the production of any evidence relating to any material under investigation". (Cf. code B1–5.0, subd. [5].) It is not for us to speculate why the powers are thusly allocated, but had the city fathers intended to grant the plenary subpoena powers assumed by the majority to exist, they could have readily inserted them in subdivision 4 of section B1–5.0, relating to complaints and the investigation thereof, but in that place they are not mentioned. These powers are only to be found as an adjunct of a hearing, in subdivision 5 of B1–5.0. And

a court may not enlarge a grant of power given to an administrative body by a legislative body. (*State, Colorado Civil Rights Comm.* v. *Adolph Coors Corp.*, 486 P. 2d 43.) Nor do high motives of social justice and the desire for fair plan in equal job opportunities, laudable goals which we all favor, justify our finding a specific statutory power, when it simply is not there.