W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,

v.

WHITIN MACHINE WORKS, INC., a corporation, Defendant.

Civ. A. No. 76–748–S.

United States District Court, D. Massachusetts.

May 7, 1976.

Albert H. Ross, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Gunter vonConrad, and Hans M. H. Vent, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

This is an action to enforce a subpena issued by the plaintiff Secretary of Labor under 19 U.S.C. § 2321. The subpena was purportedly issued in aid of the Secretary's determination of a petition filed under 19 U.S.C. § 2271(a) for certification of certain of the defendant's former employees for relief under the Trade Act of 1974. The Act provides a form of special additional unemployment compensation for workers who have lost their jobs because of the impact of imports on the sales of their former employers. The Secretary is required to make a finding with respect to the qualifications of the petitioning workers. 19 U.S.C. § 2272. He must make this determination "[a]s soon as possible after the date on which a petition is filed under section 2271 of this title, but in any event not later than 60 days after that date . . . ." 19 U.S.C. § 2273(a). The Secretary may require the production of evidence by subpena, and may seek enforcement of the subpena in the United States District Court. 19 U.S.C. § 2321.

The petition of the defendant's former employees was filed on November 7, 1975. An investigating officer of the Department of Labor began negotiating with the defendant on or about November 18, 1975 for access to comprehensive and detailed data concerning its sales and production. The defendant refused on several grounds:

(1) That practically all of its sales were exports to foreign countries and therefore could not be affected by imports.

(2) The information sought by the investigator did not exist, and would have to be compiled from existing records at great expense.

Eventually, the defendant offered to let the investigator examine its existing records at the office of its counsel in Washington, D. C. The Secretary, through his counsel, determined that he must have not only "access" but possession of the records, which the defendant refused.

On January 13, 1976, the Secretary issued the subpena in question, which was duly served upon the defendant. It called for the production not of specific documents, but of specific information, including categorical breakdowns and compilations of basic financial information. The defendant has refused to comply with this subpena and this action is the result.

The defendant's bare declaration that its business is unaffected by imports because its sales are mostly exports is not a sufficient defense. The plaintiff has the right, and indeed the duty, to make an independent investigation. Defendant's further argument that it need not reply because the Labor Department investigator's request for information was on a form not approved by the General Accounting Office merits no discussion.

The subpena was issued more than sixty days after the filing of the employees' petition, however, and this does raise a substantial question of the Secretary's authority.

If the Secretary was required to make a determination within sixty days, then he was not entitled to investigate for more than sixty days, and his authority to subpena information had expired by January 13, 1976.

The plaintiff says that the time limit was not a mandatory limitation, but directory only. The defendant argues that it was mandatory. Whether it was directory or mandatory is a question of the intent of Congress.

The prior comparable provision in the Trade Expansion Act of 1962 required the Tariff Commission to make a similar investigation and report to the President "at the earliest practicable time, but not later than 60 days after the date on which the petition is filed." 19 U.S.C. § 1901(f)(3).

In the report of the Senate Finance Committee on the Trade Act of 1974, the Committee cites the excessive delays which were experienced under the Trade Expansion Act of 1962 as one of the principal reasons for substituting the proposed language of the Trade Act of 1974. 1974 U.S. Code Cong. & Admin.News, pp. 7186, 7273. In paraphrasing the new section, the Committee says that the Secretary of Labor "must determine" whether the petitioners qualify within the stated time limit.

The language of 19 U.S.C. § 2273 is in marked contrast to § 1901(f)(3)and could not be more emphatic. I am of the opinion that the time limit was intended to be mandatory.

The subpena was issued by the Secretary after his authority to do so terminated.

This case is distinguishable from *Brennan v. Independent Lift Truck Builders Union,* 490 F.2d 213 (7th Cir. 1974), in that in *Brennan,* the subpena was issued prior to the expiration of the time limit.

In view of this holding, it is unnecessary to consider the defendant's claim that the information demanded is "unnecessary." The Secretary obviously must have broad discretion in determining what is necessary under 19 U.S.C. § 2321.

There is a second ground for dismissing the Complaint. The Secretary has gone beyond the subpena power granted to him by Congress by requiring specific information which requires the compilation and analysis of data. Congress granted only the subpena power, and a *subpena duces tecum* requires only the production of existing records, documents or other physical evidence. *Ulrich v. Ethyl Gasoline Corporation,* 2 F.R.D. 357, 359 (W.D.Ky.1942); *Liberty Mutual Insurance Company v. City of New York Commission on Human Rights,* 39 A.D.2d 860, 332 N.Y.S.2d 971 (N.Y.Sup.Ct.1972); *Application of Slipyan,* 208 Misc. 515, 145 N.Y.S.2d 630, 632 (N.Y. Sup.Ct., Special Term, 1955).

Accordingly, the Complaint is DISMISSED.